UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
ANDREW SPICIARICH, on behalf of himself
and all others similarly situated,

                    Plaintiff,

      -against-

MEXICAN RADIO CORP., MEXICAN              Civil Action No. : 1:14-CV-9009
RADIO HUDSON, LLC, WILLIAM YOUNG
and LORI SELDEN,

                  Defendants.
-------------------------------------------------------------

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THE ACTION

TABNER, RYAN AND KENIRY LLP
Dana L. Salazar, Esq.
18 Corporate Woods Blvd.
Albany, NY 12211
Telephone: (518) 512-5310
Facsimile: (518) 465-5112
dls@trklaw.com
*Attorneys for Defendants*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... iii

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ......................................................................................................... 3

      A.    Background on the Mexican Radio Restaurants ................................................. 3

      B.    Plaintiff's Claims ............................................................................................... 4

ARGUMENT .............................................................................................................................. 6

  I.   THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE THE
     SOUTHERN DISTRICT OF NEW YORK IS AN IMPROPER VENUE ....................... 6

      A.    The Southern District of New York is Not a Proper Venue .............................. 6

      B.    In the Alternative, The Northern District of New York is the Proper Venue .... 6

              Convenience of the Parties ......................................................................... 7

              Locus of Operative Facts ............................................................................ 7

              Plaintiff's Choice of Forum ........................................................................ 8

              Convenience of Witnesses .......................................................................... 8

              Location of Documents and Other Sources of Proof .................................. 9

              Availability of Process ................................................................................ 9

              Trial Efficiency and the Interests of Justice ............................................... 9

              Other Factors ............................................................................................... 9

  II.  THE COURT SHOULD DISMISS THE COMPLAINT AS TO MEXICAN
      RADIO HUDSON, LLC ON THE GROUNDS OF LACK OF PERSONAL
      JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS ............................... 10

  III. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH
      RELIEF CAN BE GRANTED ...................................................................................... 11

      A.    Plaintiff Fails to Allege any Claim Upon Which Relief Can be Granted
           Against Mexican Radio Corp. ........................................................................ 11

i

B.   Plaintiff Fails to Allege any Claim Upon Which Relief Can be Granted Against the Remaining Defendants ................................................................. 12

C.   Plaintiff Fails to Allege any Claim Upon Which Relief Can be Granted on Behalf of Others Similarly Situated ................................................................. 13

Numerosity ............................................................................................... 14

Commonality ............................................................................................ 14

Typicality ................................................................................................. 15

Predominance and Superiority .............................................................. 16

D.   Plaintiff's New York Labor Law Claims are Subject to Dismissal ................ 18

IV. THE ACTION SHOULD BE STAYED PENDING OUTCOME OF THE CURRENTLY PENDING DEPARTMENT OF LABOR INVESTIGATION ................ 18

CONCLUSION ....................................................................................................... 19

# TABLE OF AUTHORITIES

## Cases

*Amick v. American Exp. Travel Related Services Co., Inc.*,
  2010 U.S. Dist. LEXIS 6483, No. 09 Civ. 9780(AKH),
  (S.D.N.Y. Jan. 26, 2010)................................................................. 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................... 11

*Barfield v. New York City Health & Hosps. Corp.*,
  2005 U.S. Dist. LEXIS 28884 No. 05 Civ. 6319, (S.D.N.Y. Nov. 18, 2005) ......................... 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...................................................................... 11

*Brown v. Kelly*,
  609 F.3d 467 (2d Cir. 2010)............................................................. 15

*Comcast Corp. v. Behrend*,
  133 S. Ct. 1426 (2013)............................................................... 16, 17

*Dejesus v. HF Management Svcs., LLC*,
  163 LC P 36, 149, No. 12-4565 (2d Cir. August 5, 2013)................................. 18

*Espenscheid v. DirectSat USA, LLC*,
  705 F.3d 770 (7th Cir. 2013) ........................................................... 18

*Gardner v. Western Beef Props.*,
  2011 U.S. Dist. LEXIS 146467, No. 07-cv-2345
  (E.D.N.Y. September 26, 2011)................................................... 15, 16, 17

*Gordon v. Kaleida Health*,
  299 F.R.D. 380 (W.D.N.Y. 2014)......................................................... 15

*In re Warrick*,
  70 F.3d 736 (2d Cir. 1995).............................................................. 8, 16

*Iragorri v. United Technologies Corp.*,
  274 F.3d 65 (2d Cir. 2001).............................................................. 8

*Krulisky v. Bristol-Myers Squibb Co.*,
  2011 U.S. Dist LEXIS 68449 (S.D.N.Y. June 27, 2011).................................... 7, 8

*Lundy v. Catholic Health Sys. Of Long Island, Inc.*,
  711 F.3d 106 (2d Cir. 2013)........................................................................ 12, 13

*Marisol v. Giuliani*,
  126 F.3d 372 (2d Cir 2010)......................................................................... 15

*McGlone v. Contract Callers, Inc.*,
  867 F. Supp. 2d 438 (S.D.N.Y. 2012).......................................................... 11

*Moore v. Paine Webber, Inc.*,
  306 F.3d 1247 (2d Cir. 2002)...................................................................... 16

*Myers v. Hertz Corp.*,
  624 F.3d 537 (2d Cir. 2010)........................................................................ 13, 16

*Nakahata v. New York-Presbyterian Healthcare Sys.*,
  723 F.3d 192 (2d Cir. N.Y. 2013)................................................................ 11, 12, 13

*Roth v. CHA Hollywood Med. Ctr. L.P.*,
  2013 U.S. Dist. LEXIS 153856, No. 12-cv-07559
  (D. Cal. Oct. 25, 2013)................................................................................ 15

*Shahriar v. Smith & Wollensky Rest. Group, Inc.*,
  659 F3d 234 (2d Cir. 2011).......................................................................... 14

*Urresta v. MBJ Cafeteria Corp.*,
  2011 U.S. Dist. LEXIS 120126, No. 10 Civ. 8277
  (S.D.N.Y. Oct. 17, 2011) ............................................................................ 12

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541 (2011)................................................................................. 14, 17

*Wang v. Hearst Corp.*,
  293 F.R.D. 489 (S.D.N.Y. 2013) ................................................................ 13, 14, 16, 17

*Whalen v. J.P. Morgan Chase & Co.*,
  569 F. Supp. 2d 327 (W.D.N.Y. 2008), rev'd on other grounds sub nom.
  *Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529 (2d Cir. 2009)............... 18

*White v. Western Beef Props., Inc.*,
  2011 U.S. Dist. LEXIS 141696, No. 07 cv 2345 (E.D.N.Y. 2011) .............. 14

### Statutes

28 U.S.C. § 1391......................................................................................... 6

28 U.S.C. § 1404......................................................................................... 6, 8

iv

28 U.S.C. § 1406...................................................................................................................... 6

28 U.S.C. §216......................................................................................................................... 11

Fed. R. Civ. P. 23................................................................................................................ 13, 15

Fed. R. Civ. P. 4...................................................................................................................... 10

N.Y. CPLR § 311-a................................................................................................................. 10

Defendants Mexican Radio Corp., Mexican Radio Hudson, LLC, William Young and Lori Selden (collectively, "Defendants") submit this memorandum of law in support of their motion for an order dismissing the Complaint with prejudice (1) for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, and, in the alternative to transfer venue to the Northern District of New York; (2) as to Mexican Radio Hudson, LLC, for insufficient service of process pursuant to Rules 4(h)(1)(A) and 12(b)(5) of the Federal Rules of Civil Procedure; (3) pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim, and, in the alternative, (4) staying the instant action pending the outcome of a currently ongoing Department of Labor investigation of identical claims.

## PRELIMINARY STATEMENT

Plaintiff Andrew Spiciarich asserts Fair Labor Standards Act and New York Labor Law claims arising from his employment with Mexican Radio Hudson, LLC.

The Southern District of New York is an improper venue. Only Mexican Radio Corp. is located in the Southern District of New York, and Plaintiff does not and cannot assert any claims against Mexican Radio Corp. Plaintiff is not nor has he ever been an employee of Mexican Radio Corp. and he alleges no connection to Mexican Radio Corp. other than alleging common ownership of the two entities and a belief that Mexican Radio Corp and Mexican Radio Hudson share employment policies. All relevant parties are located in the Northern District of New York: Plaintiff Andrew Spiciarich, Defendant Mexican Radio Hudson, LLC (Plaintiff's sole employer), Defendant William Young and Defendant Lori Selden. Likewise, all employees that may be similarly situated to Plaintiff are employees of Mexican Radio Hudson, LLC and are all located in the Northern District. In addition, witnesses and documents relevant to the instant action are located in the Northern District of New York.

1

Plaintiff failed to properly serve process on Mexican Radio Hudson, LLC.  Service of process on business entities must be served pursuant to Rule 4(h) of the Federal Rules of Civil Procedure.  Plaintiff served all four defendants by hand delivery to the restaurant Mexican Radio, which is operated by Mexican Radio Corp. at 19 Cleveland Place in New York, NY.  No agents or representatives of Mexican Radio Hudson, LLC are located at 19 Cleveland Place.

The Complaint should be dismissed for failure to state a claim upon which relief can be granted.  The Complaint fails to set forth any policies or procedures that demonstrate violation of any wage and hour laws and is comprised of conclusory statements and improper assumptions.  Assuming, arguendo, that all defendants are proper parties to this action, the Defendants' schedules and policies for paying employees fail to demonstrate a policy or practice of violating any wage and hour laws as a matter of law.  As explained more fully below, the case involves allegations of failing to pay minimum wage because certain employees were paid by the shift rather than by the hour.  However, Plaintiff fails to allege that he or any other employees employees either (1) worked beyond their shift or (2) that those employees that may have worked two shifts were not paid for the subsequent shift.  Further, Plaintiff fails to allege that he or any other employees worked more than 40 hours in a week.  In short, Plaintiff's allegations fail to demonstrate any violations of any labor laws.

Finally, the action should be stayed pending completion of a currently ongoing Department of Labor investigation of identical claims.  The DOL investigation began in October, several weeks before Plaintiff served Defendants with the instant action, and is ongoing at this time.  Resolution of any wage and hours claims uncovered during the DOL audit will moot any claims asserted by Plaintiff.  Further, recovery by Plaintiff and all other employees will be more efficient via the DOL investigation, given the resources and expertise of the DOL.

2

## STATEMENT OF FACTS

A. <u>Background on the Mexican Radio Restaurants</u>

Mexican Radio Corp. is the sole owner of a restaurant located at 19 Cleveland Place in Manhattan known as Mexican Radio.  Affidavit of Lori Selden ("Selden Aff.") ¶ 2, Complaint ¶¶ 19-21.  Mexican Radio opened in 1996 and currently employs a total of 23 employees.  Of these employees, 12 are employed in the "front of the house" as tipped employees.  Of those front of the house tipped employees, 0 are regularly full time.  Selden Aff. ¶ 3.  Mexican Radio is open from Sunday to Wednesday from 11:30 a.m. to 10:00 p.m. and from Thursday to Saturday from 11:30 a.m. to 11:00 p.m.  Front of the house employees are scheduled for no more than seven hour shifts from 10:00 a.m. to 5:00 p.m. or from 5:00 to just after close, which is either 10:00 p.m. or 11:00 p.m., depending on the night of the week.  Selden Aff. ¶ 4.  The principal executive office of Mexican Radio Corp. is located in Kinderhook, New York.  Complaint ¶ 20.

Mexican Radio Hudson, LLC is the sole owner of a restaurant located at 537 Warren Street in Hudson, New York known as Mexican Radio Hudson.  Selden Aff. ¶ 5.  Mexican Radio Hudson opened in June of 2003 and currently employs a total of 25 employees.  Of these employees, 13 are employed in the "front of the house" as tipped employees.  Of those front of the house tipped employees, 0 are full time.  Selden Aff. ¶ 6.  Mexican Radio Hudson is open daily from 11:30 a.m. to 11:00 p.m.  Front of the house employees are scheduled for no more than seven hour shifts from 10:30 a.m. to 5:00 p.m. or from 5:00 p.m. to just after close, which is 11:00 p.m.  Selden Aff. ¶ 7.  The principal executive office of Mexican Radio Hudson, LLC is located in Kinderhook, New York.  Complaint ¶ 28.

The Defendants William Young and Lori Selden are officers of the Corporation and members of the Limited Liability Company.  Their principal residence is in Kinderhook, New York.  Selden Aff. ¶ 9.

B.  Plaintiff's Claims

Plaintiff, Andrew Spiciarich has worked at Mexican Radio Hudson since June 30, 2010, and lives not far from Mexican Radio Hudson.  Plaintiff has never worked for Mexican Radio Corp.  Selden Aff. ¶ 10.

Plaintiff asserts claims arising from his employment.  However, Plaintiff fails to allege with specificity which Defendant employed him.  Instead, he asserts that "Defendants" failed to properly pay him.  *See* Complaint ¶¶ 90-104.  Plaintiff was employed solely by Mexican Radio Hudson, LLC and has never worked for Mexican Radio Corp.  Selden Aff. ¶ 10.  Plaintiff fails to set forth any factual basis for finding that Mexican Radio Corp failed to properly pay him or any other employee.

Plaintiff's factual allegations are largely conclusory and lack specificity.  Plaintiff sets forth possible shifts that he could have worked, but fails to allege that he was not fully and properly paid for the work that he performed.  Complaint ¶¶ 90-104.  Plaintiff alleges that he was "scheduled to work six to seven shifts per week" but does not set forth the hours that he worked in a week.  Complaint ¶ 93.  Given Mexican Radio Hudson's policy and practice to (1) pay employees for full shifts even if they leave early, (2) to pay employees who worked into the next shift for the entire next shift and (3) to send employees who work a double shift home first when the restaurant starts to slow down, an allegation of having been "scheduled for six or seven shifts" does not equate to an allegation that Plaintiff actually worked six or seven full shifts.  *See* Selden Aff. ¶¶ 13-15.  Indeed, Plaintiff does not assert such a claim; instead he simply asserts

4

what his hours worked might have been in a given week.  *See* Complaint ¶ 93 (the sole paragraph setting forth specific factual allegations and merely noting possible shifts).

Plaintiff fails to allege that any employees other than Plaintiff regularly worked in excess of 40 hours per week or that any employees other than Plaintiff were routinely scheduled for six or seven shift per week.

In is notable that Plaintiff does not allege that Mexican Radio Hudson, LLC, William Young or Lori Selden scheduled him to work more than 40 hours a week.  In any event, the shifts set forth by Defendants, seven hours of pay for seven hours or less of work, provide at least minimum wage to any employee working a shift.  The fact that Plaintiff alleges that he may have worked outside Defendants' policies will not withstand a challenge to class certification and notice to potential opt-in plaintiffs.  In any event, Mexican Radio Hudson, LLC, employs only 13 tipped employees and falls far short of the minimum of forty similarly situated employees required for a class action.  Selden Aff. ¶ 6.

Based upon these allegations, Plaintiff asserts claims under the Fair Labor Standards Act and New York Labor Law, seeks class certification, back wages, penalties, a service award, interest and attorneys' fees and costs.

## ARGUMENT

**I.      THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE THE
         SOUTHERN DISTRICT OF NEW YORK IS AN IMPROPER VENUE**

Plaintiff asserts that venue is proper in the Southern District of New York "because a substantial part of the events or omissions giving rise to the claims occurred in this district." Complaint ¶ 67 citing 28 U.S.C. § 1391(b)(2).

### A.   The Southern District of New York is Not a Proper Venue

None of the events or omissions, let alone a substantial part of the events or omissions occurred in the Southern District of New York.  Plaintiff lives and works for Mexican Radio Hudson, LLC in the Northern District.  Lori Selden and William Young live in the Northern District and supervise Mexican Radio Hudson in the Northern District.  All other employees of Mexican Radio Hudson live and work in the Northern District.  Plaintiff's allegations as set forth in the Complaint have no connection to the Southern District of New York.  Plaintiff's conclusory assertion that the Southern District is a proper venue is insufficient to establish venue in the Southern District of New York.

Plaintiff's Complaint should be dismissed.  28 U.S.C. § 1406(a) (a case brought in the wrong district shall be dismissed, unless the interest of justice dictates a transfer).  The Southern District of New York is the wrong district.

### B.   In the Alternative, The Northern District of New York is the Proper Venue

Even if the Court finds that the Southern District of New York is a proper venue, the Northern District of New York is a more appropriate forum, pursuant to 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought").

6

An analysis of the relevant factors demonstrates that if the Court finds that the Southern District of New York is a proper forum, this case should be transferred to the Northern District of New York. *See Krulisky v. Bristol-Myers Squibb Co.*, 2011 U.S. Dist LEXIS 68449 *3 (S.D.N.Y. June 27, 2011) (granting motion to transfer action to the District of New Jersey when, among other things, all of the factors either favored transfer or were neutral, no Plaintiff resided in the Southern District of New York and the locus of facts were centered in New Jersey).

<u>Convenience of the Parties</u>:

Plaintiff resides in and works within the Northern District of New York. Selden Aff. ¶ 10. Defendant Mexican Radio Hudson LLC's principal place of business is in Hudson, New York, which, in turn, is located within the Northern District of New York. Complaint ¶ 26. Defendants Lori Selden and William Young reside in Kinderhook, New York, which, in turn, is located within the Northern District of New York. Selden Aff. ¶ 9. Therefore, the Southern District of New York is not convenient for any of the named parties and Mexican Radio Hudson, LLC, Plaintiff's employer, is not located within the Southern District of New York.

The Convenience of the Parties factor weighs in favor of transfer to the Northern District of New York.

<u>Locus of Operative Facts</u>:

Plaintiff lived in the Northern District during the relevant time period. The restaurant where Plaintiff worked is in the Northern District. The two individual defendants, Lori Selden and William Young live in the Northern District. Other potentially similarly situated employees of Mexican Radio Hudson live and work in the Northern District.

The Locus of Operative Facts factor weighs in favor of transfer to the Northern District of New York.

<u>Plaintiff's Choice of Forum</u>:

"Although a plaintiff's choice of forum is ordinarily given substantial weight, that choice is entitled to "less significant consideration in a putative class action than in an individual action." *Krulisky*, 2011 U.S. Dist. LEXIS 68449 at *5-6 citing *In re Warrick*, 70 F.3d 736, 741 n.7 (2d Cir. 1995). This principle has been applied to FLSA collective actions. *Krulisky*, 2011 U.S. Dist. LEXIS 68449 at *6 citing e.g., *Amick v. American Exp. Travel Related Services Co., Inc.*, 2010 U.S. Dist. LEXIS 6483, No. 09 Civ. 9780(AKH), at *2 (S.D.N.Y. Jan. 26, 2010). Moreover, a plaintiff's choice of forum is not accorded much weight where, as here, the plaintiffs' residence and the locus of operative facts are not in the selected forum. *Krulisky*, 2011 U.S. Dist. LEXIS 68449 at *5-6 citing *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 71-72 (2d Cir. 2001) (*forum non conveniens* analysis); *Amick*, 2010 U.S. Dist. LEXIS 6483 at *2 (28 U.S.C. § 1404 analysis).

Here, Plaintiff's residence is not in the selected forum, nor is the locus of operative facts in the selected forum. It is notable that, like in *Krulisky*, to date "not a single plaintiff from [the Southern] District has opted in to this case." *Krulisky*, 2011 U.S. Dist. LEXIS 68449 at *7.

Plaintiff's Choice of Forum should not be accorded much weight.

<u>Convenience of Witnesses</u>:

Witnesses to Plaintiff's work schedule and hours are located in the Northern District of New York. Plaintiff's co-workers, supervisors and managers are all located in the Northern District.

The Convenience of Witnesses factor weighs in favor of transferring this case to the Northern District of New York.

8

Location of Documents and Other Sources of Proof:

Schedules, documents, time sheets, paycheck sign-out sheets are all located in the Northern District of New York.

The Location of Documents and Other Sources of Proof factor weighs in favor of transferring this case to the Northern District of New York.

Availability of Process:

This factor is neutral because both districts at issue are within New York and witnesses could be subpoenaed throughout the state of New York from either the Southern District or Northern District of New York.

Trial Efficiency and the Interests of Justice:

Given the number of people that would have to travel to the Southern District of New York for a trial, including the parties and the witnesses, a trial would be more efficient in the Northern District of New York.  Witnesses would be much closer to the Northern District of New York courthouse in downtown Albany and witnesses will be less likely to have to make themselves available for large blocks of time because they will not have to travel as far. Conversely, if the trial were to be held in Albany, New York, the only people travelling would appear to be Plaintiff's counsel.

It is much more efficient for the case to be venued in the Northern District of New York.

Other Factors:

The forums' familiarity with governing law factor is neutral because both district courts are located in New York and both are familiar with New York law.

9

The relative means of the parties factor weighs in favor of transferring to the Northern District of New York because all of the parties reside in the Northern District, therefore, a transfer to the Northern District will be more cost effective to all parties.

In sum, this case should properly have been initiated in the Northern District of New York and, should this Court decline to dismiss the case for improper forum, all of the factors either weigh in favor of transferring the case to the Northern District of New York or are neutral. Therefore, Defendants' motion, in the alternative, to transfer venue to the Northern District of New York should be granted.

## II.     THE COURT SHOULD DISMISS THE COMPLAINT AS TO MEXICAN RADIO HUDSON, LLC ON THE GROUNDS OF LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

Plaintiff failed to properly serve process on Mexican Radio Hudson.

Business entities may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A) *referring to* Fed. R. Civ. P. 4(e)(1). New York is the state where the district court is located and where service was made. Service of process on limited liability companies is properly delivered to "(i) any member of the limited liability company in this state . . ., (ii) any manager of the limited liability company in this state . . ., (iii) any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process . . . [or] as set forth in article three of the limited liability company law." N.Y. CPLR § 311-a.

Plaintiff never properly served process on Mexican Radio Hudson, LLC. On December 2, 2014, Plaintiff had four envelopes hand delivered to 19 Cleveland Place, New York, New York; including one directed to Mexican Radio Hudson, LLC containing a nine page cover

10

letter from Plaintiff's counsel, a summons and a complaint.  Selden Aff. ¶ 21.  No copy of the Complaint was ever served at Mexican Radio Hudson, nor was any copy served on either of the members of Mexican Radio Hudson, LLC.  Selden Aff. ¶¶ 1, 9 and 22.

The claims against Mexican Radio Hudson, LLC should be dismissed for lack of personal jurisdiction and improper service of process.

### III.    THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A well-pled FLSA and New York Labor Law complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, (2d Cir. N.Y. 2013) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), in turn quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "To be plausible, the complaint need not show a probability of plaintiff's success, but it must evidence more than a mere possibility of a right to relief."  *Nakahata*, 723 F.3d at 197, citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.

#### A.   Plaintiff Fails to Allege any Claim Upon Which Relief Can be Granted Against Mexican Radio Corp.

Plaintiff's allegations are insufficient to state a claim against Mexican Radio Corp.

A plaintiff may proceed with a collective action for "similarly situated" employees.  28 U.S.C. §216(b).  However, a plaintiff may not proceed on behalf of employees at a different location unless he or she has personal knowledge that an unlawful policy or plan was applied to that other location.  *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 444 (S.D.N.Y. 2012).  In other words, he or she must demonstrate commonality with that other location.  *Id.* The class will be limited if the plaintiff fails to demonstrate personal knowledge of the policies and practices at the other locations.  *Id.* at 445 (limiting proposed class to named plaintiff's

11

location because he did not demonstrate "personal knowledge" of policies in the other location and, instead, showed only "personal knowledge of alleged violations and directives from supervisors in his specific district").  Hearsay is insufficient to establish potential plaintiffs at other locations to be victims of a common policy or plan.  *Urresta v. MBJ Cafeteria Corp.*, 2011 U.S. Dist. LEXIS 120126, *15, No. 10 Civ. 8277 (S.D.N.Y. Oct. 17, 2011) citing *Barfield v. New York City Health & Hosps. Corp.*, 2005 U.S. Dist. LEXIS 28884 *1 No. 05 Civ. 6319, (S.D.N.Y. Nov. 18, 2005).

Here, Plaintiff fails to allege any personal knowledge of the policies and practices at Mexican Radio Corp.'s restaurant.  Plaintiff's attempt to blur the lines by simply making all of his allegations against "defendants" collectively rather than against his specific employer, Mexican Radio Hudson, LLC, falls short.  Plaintiff has never worked for Mexican Radio Corp. Selden Aff. ¶ 10.  No employee of Mexican Radio Corp. is a plaintiff in this action.  Selden Aff. ¶ 11.  No employee of non-party Mexican Radio Schenectady, LLC is a plaintiff in this action and it is notable that Plaintiff did not name the Schenectady entity and, instead, chose to name the Manhattan location, which is located within the Southern District of New York.

Plaintiff fails to allege sufficient facts in his Complaint to absorb Mexican Radio Corp. into this action.  The claims against Mexican Radio Corp. should be dismissed.

B.  Plaintiff Fails to Allege any Claim Upon Which Relief Can be Granted Against the Remaining Defendants

The Second Circuit has held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given week as well as some uncompensated time in excess of 40 hours." *Nakahata*, 723 F.3d at 200 quoting *Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).  "Plaintiffs must

allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." *Nakahata*, 723 F.3d at 200 quoting *Lundy*, 711 F.3d at 114.  In order to plead a plausible FLSA claim, Plaintiff "must provide sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." *Nakahata*, 723 F.3d at 201.

Plaintiff's conclusory allegations fall far short of setting forth the basis for any wage and hour claims. *See* Complaint ¶¶ 92-93.  Without specific facts, the Court cannot determine whether it is plausible that Plaintiff worked in excess of 40 hours without compensation.

In order to sufficiently plead his allegations, Plaintiff's "actual and direct employer is an essential element of notice pleading . . .." *Nakahata*, 723 F.3d at 201.  Plaintiff fails to specify which Defendant or Defendants he worked for.

C.  Plaintiff Fails to Allege any Claim Upon Which Relief Can be Granted on Behalf of Others Similarly Situated

Plaintiff's claims, on their face, fail to meet the standard for class certification under Fed. R. Civ. P. 23.  "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Wang v. Hearst Corp.*, 293 F.R.D. 489, 494 (S.D.N.Y. 2013) quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010).  The party seeking certification must demonstrate (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy.  Fed. R. Civ. P. 23(a).  Further, a plaintiff must demonstrate predominance, i.e. that the issues common to the class members predominate over individual claims.  Fed. R. Civ. P. 23(b)(3).  Assuming but not conceding that Plaintiff would adequately represent the class members, Plaintiff's Complaint fails to allege numerosity, commonality, typicality and predominance.

Numerosity

The Second Circuit has held that class certification is proper if there are 40 members of the class.  *Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F3d 234, 252 (2d Cir. 2011).

Here, Plaintiff alleges "upon information and belief, the size of the Rule 23 Class is at least 100 individuals."  Complaint ¶ 82.  Again, Plaintiff fails to plead with personal knowledge and fails to plead whether he is calculating a potential class by combining Mexican Radio Corp.'s employees with Mexican Radio Hudson, LLC's employees.  In any event, the number of potentially similarly situated employees employed by Mexican Radio Hudson, LLC falls well short of forty members.  Mexican Radio Hudson currently employs only 13 tipped employees. Selden Aff. ¶ 6.

Commonality

The United States Supreme Court has held that a plaintiff seeking class certification must do more than raise a litany of questions; "[w]hat matters to class certification . . . is . . . the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (citation omitted). Moreover, '[t]hat common contention . . . must be of such a nature that it is *capable of classwide resolution* – which means that determination of its truth or falsity will *resolve an issue that is central to the validity of each one of the claims in one stroke*." *White v. Western Beef Props., Inc.*, 2011 U.S. Dist. LEXIS 141696, No. 07 cv 2345 *7 (E.D.N.Y. 2011) quoting *Wal-Mart*, 131 S. Ct. at 2551 (emphasis in original).

Class certification is denied when a plaintiff "cannot show anything more than a uniform policy" and "that policy alone cannot answer the liability question, which turns on what the [employees] did and what benefits they received during their [employment]."  *Wang*, 293 F.R.D.

14

at 495; *see also Roth v. CHA Hollywood Med. Ctr. L.P.*, 2013 U.S. Dist. LEXIS 153856, No. 12-cv-07559 *18-19 (D. Cal. Oct. 25, 2013) ("When the impact of an employer's policies depends on each individual employee's circumstances, class certification is not appropriate").  Indeed, when an employer's policy on its face does not violate the law, "plaintiffs [are] required to offer 'significant proof' of a *de facto* policy to deny payment for such work" and if they fail to do so, plaintiffs have not established commonality.  *Gordon v. Kaleida Health*, 299 F.R.D. 380, 402 (W.D.N.Y. 2014).

Here, Defendants' policies are not unlawful on their faces.  Each employee who works a shift or a partial shift is paid at least minimum wage for seven hours, even if he or she works fewer hours.  If an employee works a double shift, he or she is the first to be sent home when the restaurant quiets down.  The shifts are spaced 10 hours apart and, therefore, no split shift violations should occur.  Finally, evaluation of whether any one employee is entitled to split shift pay or overtime would require an analysis of each employee's particular factual circumstances.

Plaintiff has failed to plead commonality.

<u>Typicality</u>

The typicality element requires that the "claims or defenses of the representative parties are typical of the claims and defenses of the class."  Fed. R. Civ. P. 23(a)(3).  This element can be met if each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Gardner v. Western Beef Props.*, 2011 U.S. Dist. LEXIS 146467, No. 07-cv-2345 *11-12 (E.D.N.Y. September 26, 2011) citing *Marisol v. Giuliani*, 126 F.3d 372, 376 (2d Cir 2010).  Similar considerations animate analysis of commonality and typicality and they "tend to merge into one another."  *Id.* citing *Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir. 2010).  Typicality fails when "the basis for

15

defendants' liability to each plaintiff . . . is unique to each plaintiff and requires an individual factual analysis." *Id*.

Here, Plaintiff alleges that he was scheduled to work certain shifts, but he fails to allege that any other employees worked the same or even similar schedules or hours that he did. See Complaint ¶¶ 92-93. Here, the analysis of the claims and defenses will require analysis of the named plaintiff as well as an individual analysis of each and every other purported class member.

Plaintiff has failed to plead typicality.

<u>Predominance and Superiority</u>

"'Rule 23(b)(3)'s predominance  criterion is even more demanding than Rule 23(a),' and the courts are instructed to take a close look at whether common questions predominate over individual ones." *Wang*, 293 F.R.D. at 496 quoting *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).  The Second Circuit has stated that the rule is satisfied "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Id*. quoting *Moore v. Paine Webber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002).  A blanket overtime policy, while relevant, does not by itself determine the predominance issue; that inquiry is to evaluate the balance between individual and common issues.  *Id*. citing *Myers*, 624 F.3d at 549.  The mere fact of even a blanket overtime policy "does not establish whether all plaintiffs were actually entitled to overtime pay" or otherwise covered by FLSA exemptions.  *Id*. citing *Myers*, 624 F.3d at 549.  Predominance fails when the issues presented require a court to analyze each individual plaintiff in order to determine liability.  *Wang*, 293 F.R.D. at 497.  In addition, predominance analysis requires

evaluation of whether the damages calculations on an individual basis "will inevitably overwhelm questions common to the class." *Id.* quoting *Comcast*, 133 S. Ct. at 1433.

Class certification is not permitted where "each class member would be entitled to an individualized award of monetary damages." *Gardner*, 2011 U.S. Dist. LEXIS 146467 at *22 quoting *Wal-Mart*, 131 S. Ct. at 2557. Certification of claims for monetary relief is inappropriate when the "monetary relief is not incidental to the injunctive or declaratory relief" and plaintiffs primarily seek "financial recompense for unpaid overtime and minimum wages." *Gardner*, 2011 U.S. Dist. LEXIS 146467 at *22 quoting *Wal-Mart*, 131 S. Ct. at 2557. Class actions are improper when "[t]here is no 'single injunction or declaratory judgment [that] would provide relief to each member of the class' because determining whether defendants' practices are unlawful will require an individualized examination of each plaintiff's" factual circumstances to determine whether each plaintiff is entitled to damages. *Gardner*, 2011 U.S. Dist. LEXIS 146467 at *22-23 quoting *Wal-Mart*, 131 S. Ct. at 2557.

Here, Plaintiff seeks monetary damages for himself and on behalf of the purported class members. The money damages are not incidental to declaratory or injunctive relief.

The individual nature of the proof in this case, which will require evidence of actual hours worked and positions held by each employee demonstrate that individual actions are more appropriate. Further, as discussed below, the currently ongoing DOL investigation overseen by DOL employees with expertise in determining and facilitating payment of minimum wage, overtime and any other unpaid remuneration is a superior forum for determining whether employees were improperly paid and for ensuring past and future compliance.

17

D. Plaintiff's New York Labor Law Claims are Subject to Dismissal

For the same reasons set forth herein, Plaintiff's New York Labor Law claims are subject to dismissal.  "In light of the fact that 'the relevant portions of the New York Labor Law do not diverge from the requirements of the FLSA, 'our conclusions . . . about the FLSA allegations 'apply equally to the NYLL state law claims." *Dejesus v. HF Management Svcs., LLC*, 163 LC P 36, 149, No. 12-4565 *13 n. 5 (2d Cir. August 5, 2013) quoting *Whalen v. J.P. Morgan Chase & Co.*, 569 F. Supp. 2d 327, 329 n. 2 (W.D.N.Y. 2008), rev'd on other grounds sub nom. *Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529 (2d Cir. 2009).

Here, Plaintiff's NYLL claims do not diverge from his FLSA claims and, therefore, are subject to dismissal for the reasons set forth herein.  *See* Complaint ¶¶ 105-153 (setting forth claims under FLSA and NYLL) and ¶¶ 92, 93 (setting forth the factual basis for all claims, which are repeated and realleged for each cause of action).

The Complaint should be dismissed as against the remaining defendants for failing to state a claim upon which relief can be granted.

## IV.   THE ACTION SHOULD BE STAYED PENDING OUTCOME OF THE CURRENTLY PENDING DEPARTMENT OF LABOR INVESTIGATION

Judge Posner has noted that a DOL investigation is "a promising alternative to class action treatment" and that the DOL "can obtain in a suit under the [FLSA] the same monetary relief for the class members that they could obtain in a class action suit were one feasible." *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 783 (7th Cir. 2013) (refusing to certify a proposed class of 2,341 employees when employees lacked uniformity in the amount of damages they might be owed).  Judge Posner noted that the panel was "unable at the oral argument to elicit from class counsel an explanation for why he had not considered this route."  *Id.*

Here, a DOL investigation is not just an alternative, an investigation is actually pending. The Department of Labor began an investigation of Defendants' payroll and other records on October 22, 2014, weeks before Plaintiff served four copies of the complaint on Defendants on December 2, 2014, at the New York City restaurant.  Selden Aff. ¶¶ 18, 22.  That investigation is ongoing and includes investigation of the same claims set forth in the Complaint.  Selden Aff. ¶¶ 18, 20.

## CONCLUSION

Defendants respectfully request that the Court dismiss the Complaint, with prejudice, (1) for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, and, in the alternative to transfer venue to the Northern District of New York; (2) as to Mexican Radio Hudson, LLC, for insufficient service of process pursuant to Rules 4(h)(1)(A) and 12(b)(5) of the Federal Rules of Civil Procedure; (3) pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim, and, in the alternative, (4) staying the instant action pending the outcome of the currently ongoing Department of Labor investigation of identical claims; together with such other and further relief as the Court may deem just and proper in this case.

Dated: December 22, 2014
      Albany, New York

                _____ s/ Dana L. Salazar _____
                Dana L. Salazar, Esq.
                TABNER, RYAN AND KENIRY LLP
                18 Corporate Woods Blvd.
                Albany, NY 12211
                Telephone: (518) 512-5310
                Facsimile: (518) 465-5112
                dls@trklaw.com
                *Attorneys for Defendants*

19

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF filing system will be sent electronically to the below registered participants as identified on the Notice of Electronic Filing and paper copies will be sent by first class United States mail to those indicated as non-registered participants.

Brian S. Schaffer, Esq.
Eric J. Gitig, Esq.
FITAPELLI & SCHAFFER LLP
475 Park Avenue South, 12ᵗʰ floor
New York, New York 10016
Telephone: (212) 300-0375
Facsimile: (212) 481-1333
Email: bschaffer@fslawfirm.com
Email: egitig@fslawfirm.com
Attorneys for Plaintiff

Dated: December 22, 2014
          Albany, New York

          s/ Dana L. Salazar
Dana L. Salazar, Esq.
TABNER, RYAN AND KENIRY LLP
18 Corporate Woods Blvd.
Albany, NY 12211
Telephone: (518) 512-5310
Facsimile: (518) 465-5112
dls@trklaw.com
*Attorneys for Defendants*

i:\bread and roses\26895\mtds\memorandum of law_20141222_dls.docx