USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREW SPICIARICH, on behalf of
himself and all others similarly situated,

                              Plaintiff,

        -against-

MEXICAN RADIO CORP., MEXICAN
RADIO HUDSON, LLC, WILLIAM
YOUNG and LORI SELDEN,

                              Defendants.

---

14-Cv-9009 (SHS)

OPINION

SIDNEY H. STEIN, U.S. District Judge.

        Plaintiff Andrew Spiciarich brings this action on behalf of himself and
other current and former tipped employees of defendants, alleging various
wage and hour violations of the Fair Labor Standards Act ("FLSA"), 29
U.S.C. §§ 201 *et seq.* and New York Labor Law ("NYLL"), Art. 6 §§ 190 *et
seq*. and Art. 19 §§ 650 *et seq*.  Defendants, the owners and operators of two
Mexican Radio restaurants in New York state, have moved to (1) dismiss
the complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) for
improper venue, or in the alternative, to transfer the action pursuant to 28
U.S.C. § 1404(a); (2) dismiss the complaint against Mexican Radio Hudson,
LLC pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient
service of process; (3) dismiss the complaint pursuant to Federal Rule of
Civil Procedure 12(b)(6) for failure to state a claim; or (4) stay the litigation
pending a Department of Labor investigation into similar claims. (Dkt. No.
9.)

        Because Spiciarich has remedied any deficiency in his service of
process on Mexican Radio Hudson, LLC, defendants' motion to dismiss
the complaint against Mexican Radio Hudson, LLC pursuant to Rule
12(b)(5) is dismissed as moot.  However, defendants have shown, by clear

and convincing evidence, that transfer pursuant to section 1404(a) is warranted, and therefore the Court grants defendants' motion insofar as it seeks to transfer the litigation to the Northern District of New York.

## I. BACKGROUND

Plaintiff Andrew Spiciarich has brought this action against the corporate and individual owners of two Mexican Radio Restaurants in New York City and Hudson, New York. (Compl. ¶¶ 1-2.) Plaintiff is a tipped employee[1] who has worked as a server, bartender, runner, and supervisor exclusively at defendants' Mexican Radio location in Hudson ("Mexican Radio Hudson"). (Compl. ¶ 8.) He alleges violations of the FLSA minimum wage and overtime provisions as well as violations of the NYLL minimum wage, overtime, spread-of-hours, wage notice and record-keeping provisions. (*Id*. ¶¶ 105-153.) Plaintiff brings his FLSA and NYLL claims on behalf of himself and other similarly situated tipped employees who worked at one or both of the Mexican Radio restaurants at any time during the past six years. (*Id*. ¶¶ 68, 80.) Although the individual defendants own and operate a third restaurant—Mexican Radio Schenectady—in Schenectady, New York, plaintiff does not assert any claims against that restaurant at this time. (Transcript of July 9, 2015 Oral Argument ("July 9, 2015 Tr.") at 3, 5; Compl. ¶ 2.)

The following facts are as alleged in the complaint. Starting in July 2010, Spiciarich worked six to seven shifts per week at Mexican Radio Hudson. (Compl. ¶ 93.) Each shift lasted between 7 and 9 hours; as a result, Spiciarich's weekly hours generally exceeded 40 hours per week. (*Id*.)

During this time, defendants paid Spiciarich fixed shift pay regardless of the hours he worked. (*Id*. ¶ 92.) He received between $22 and $35 per

---

[1] A "tipped employee" is "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

shift as a server or runner, $40 per shift as a bartender, and $70 per shift as a supervisor. (*Id.*) Defendants did not pay Spiciarich spread-of-hours compensation when the length of time between the beginning and end of his shift exceeded ten hours. (*Id.* ¶¶ 91, 101.) Defendants failed to furnish Spiciarich with an annual wage notice or wage statements with each paystub. (*Id.* ¶¶ 97, 103-04.) Defendants also allegedly failed to notify Spiciarich of their intention to apply a tip credit to his wages.[2] (Compl. ¶¶ 96-97.)

Mexican Radio Hudson, LLC, a New York limited liability company, owns and operates the restaurant Mexican Radio Hudson. (*Id.* ¶¶ 26-29; *see also* Affidavit of Lori J. Selden, dated December 22, 2014 ("Selden Aff.") ¶ 5.) Lori Selden and William Mark Young—each 50% members of Mexican Radio Hudson, LLC— oversee the personnel and payroll decisions at Mexican Radio Hudson. (Compl. ¶¶ 35, 40-41, 50, 55-56; Selden Aff. ¶¶ 1, 9.) Selden and Young live in Kinderhook, New York. (Selden Aff. ¶ 9; Compl. ¶¶ 34, 49.)

Selden and Young are also 50% shareholders of Mexican Radio Corp., a New York corporation that owns the Mexican Radio restaurant in Manhattan ("Mexican Radio Manhattan"). (Selden Aff. ¶¶ 1-2, 9; Compl. ¶¶ 35, 50.) Spiciarich contends that Mexican Radio Corp. and Mexican Radio Hudson, LLC operate as a single integrated enterprise and jointly employ Spiciarich and all similarly situated employees at both locations. (Compl. ¶¶ 3, 11-13.) Although Mexican Radio Corp. owns the restaurant in Manhattan, its executive office is located in Kinderhook, New York. (*Id.* ¶¶ 18-20.)

---

[2] A tip credit is the amount from employee tips that an employer may count toward his or her payment of the full federal minimum wage. *See* 29 U.S.C. § 203(m). An employer may take a tip credit for a tipped employee provided "such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee . . . ." *Id.*

Plaintiff filed this action on November 12, 2014 (Dkt. Nos. 1, 2), and three weeks later, served Mexican Radio Hudson, LLC by delivering the summons and complaint to Jon Petrow, a supervisor of Mexican Radio Corp., at the Manhattan restaurant (Dkt. No. 4). Defendants contend that plaintiff's service on Mexican Radio Hudson, LLC was ineffective because Petrow was a supervisor of Mexican Radio Corp. but not of Mexican Radio Hudson, LLC. Regardless, in early January 2015, plaintiff served Mexican Radio Hudson, LLC by delivering a copy of the summons and complaint to one of its members at the restaurant in Hudson. (Schaffer Decl. ¶ 9; Dkt. No. 19.)

## II. LEGAL STANDARD

In order to resolve a motion to dismiss a complaint pursuant to Rule 12(b)(5) for insufficient service of process, "a court must look to matters outside the complaint to determine whether it has jurisdiction." *See Rana v. Islam*, 305 F.R.D. 53, 62 (S.D.N.Y. 2015) (internal quotation marks omitted). Once a defendant moves to dismiss for insufficient service, "'the plaintiff bears the burden of proving adequate service.'" *Id*. (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). "A process server's affidavit of service constitutes prima facie evidence of proper service." *Rana*, 305 F.R.D. at 63; *see also Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc*., 301 F.3d 54, 57 (2d Cir. 2002).

Similarly, on a motion to dismiss for improper venue pursuant to Rule 12(b)(3), "the burden of proof lies with the plaintiff to show that venue is proper." *Cartier v. Micha, Inc*., No. 06-Cv-4699, 2007 WL 1187188, at *2 (S.D.N.Y. Apr. 20, 2007). If the court chooses to rely on pleadings and other documents outside the complaint, "the plaintiff need only make a *prima facie* showing of [venue]. But if the court holds an evidentiary hearing . . . the plaintiff must demonstrate [venue] by a preponderance of the evidence." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (alternation in original). The plaintiff's allegations "must be taken as true

to the extent they are uncontroverted by the defendant's affidavits."
*MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012).

Where venue is improper, the decision to dismiss or transfer to a proper venue "lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

## III. DISCUSSION

### A. Motion to Dismiss for Insufficient Service of Process

Defendant Mexican Radio Hudson, LLC's motion to dismiss the complaint for insufficient service of process is dismissed as moot on the grounds that subsequent to initiating service on Mexican Radio Hudson, LLC, plaintiff properly served that entity within the 120-day window set forth in Federal Rule of Civil Procedure 4(m).

Pursuant to Federal Rule of Civil Procedure 4(h)(1)(A), a corporate defendant may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." As Rule 4(e)(1) permits service in accordance with the state law in which the district court sits, plaintiff may serve defendant Mexican Radio Hudson, LLC in any manner permitted by New York state law.

N.Y. C.P.L.R. § 311-a, the section governing "personal service on limited liability companies," provides that service of process shall be effected by delivering the summons and complaint to:

> (i) any member of the limited liability company in this state, if the management of the limited liability company is vested in its members, (ii) any manager of the limited liability company in this state, if the management of the limited liability company is vested in one or more

managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant.

The propriety of plaintiff's attempted service of process on Mexican Radio Hudson, LLC, by serving Petrow—who was not a member or manager of that entity—in early December is immaterial because plaintiff properly served Mexican Radio Hudson, LLC on January 13, 2015 by hand delivering a copy of the summons and complaint to Young, a member of Mexican Radio Hudson, LLC. (*See* Dkt. No. 19; *see also* Schaffer Decl. ¶ 9.) Since January 13, 2015 was fewer than 120 days after the filing of the complaint, plaintiff's service was timely.  *See* Fed. R. Civ. P. 4(m).

Mexican Radio Hudson, LLC has "fail[ed] to swear to specific facts to rebut the statements in the process server's affidavit[]," setting forth the proper service on Mexican Radio Hudson, LLC.  *Old Republic Ins. Co.*, 301 F.3d at 58 (internal quotation marks omitted).  Thus, Mexican Radio Hudson, LLC's motion to dismiss for insufficient service of process is properly dismissed as moot.

### B.   Motion to Dismiss for Improper Venue

Next, defendants move to dismiss for improper venue pursuant to Rule 12(b)(3).  28 U.S.C. § 1391, which supplies the venue rule for civil cases brought in federal district court, provides that venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The U.S. Court of Appeals for the Second Circuit has explained that section 1391(b)(2) "does not restrict venue to the district in which the 'most substantial' events or omissions giving rise to a claim occurred," and it "'contemplates that venue can be appropriate in more than one district.'" *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005). Nonetheless, courts must "take seriously the adjective 'substantial'" and "construe the venue statute strictly." *Glasbrenner*, 417 F.3d at 357.

District courts follow a two-step inquiry to determine the propriety of venue pursuant to section 1391(b)(2). "First, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims. Second, the court should determine whether a substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether significant events or omissions material to those claims have occurred in the district in question." *Daniel*, 428 F.3d at 432 (alterations, citations, and internal quotation marks omitted). "When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed 'significant' and, thus, substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue." *Id.* at 433.

"The law is clear that in determining whether venue for a putative class action is proper, courts are to look only at the allegations pertaining to the named representatives." *Cook v. UBS Fin. Servs., Inc.*, No. 05-Cv-8842, 2006 WL 760284, at *6 n.2 (S.D.N.Y. Mar. 21, 2006); *see also U.S. ex rel. Sero v. Preiser*, 506 F.2d 1115, 1129 (2d Cir. 1974) (noting that the venue statute "may be satisfied if only the named parties to a class action meets its requirements"). Therefore, the "analysis of where a substantial part of the events took place, in a class action, looks to the events concerning the named plaintiffs' claims, not all of the class members' claims." Newberg on Class Actions § 6:36 (5th ed.).

### 1. *Venue is improper pursuant to 28 U.S.C. § 1391(b)(2)*

Spiciarich alleges in his complaint that venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to his claims occurred in the Southern District of New York. However, focusing on the named plaintiff only, as this Court must, Spiciarich fails to allege that any event material to his claims occurred in this district. The parties agree that Spiciarich worked for Mexican Radio Hudson, which is located in Hudson in the Northern District of New York. (Compl. ¶ 8; *see also* Selden Aff. ¶ 10; July 9, 2015 Tr. at 4.) There is no allegation that Spiciarich ever worked in the Southern District, or that he was hired, fired, or transferred here. (*See generally* Compl.; Selden Aff. ¶ 10; Spiciarich Decl. ¶ 2.) The record reflects that the owners of Mexican Radio Hudson, Selden and Young, who "had power over personnel [and payroll] decisions . . . including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment" both live and work in Kinderhook, which is also located in the Northern District. (Compl. ¶¶ 20, 28, 40-41, 55-56; Selden Aff. ¶ 9.) In short, plaintiff's claims—although perhaps not those of similarly situated employees—arose exclusively in the Northern District of New York at Mexican Radio Hudson, where defendants allegedly failed to pay plaintiff his proper wages and failed to furnish proper wage statements and notices.

To the extent that plaintiff alleges that Mexican Radio Corp.—the corporate owner of the Manhattan restaurant—jointly employed plaintiff as part of a single integrated enterprise (*see* Compl. ¶¶ 3, 11-13, 23), those allegations are insufficient to confer venue here. Plaintiff makes no specific allegation that any employment decision relating to plaintiff was ever made by Mexican Radio Corp. or made in the Southern District of New York. Given that (1) Spiciarich only worked in the Northern District of New York and (2) the corporate and individual owners of both restaurants—who instituted the relevant employment policies—are located in the Northern District, the Court finds that any control by

Mexican Radio Corp. is insufficient to establish a "significant" or "close nexus" with the Southern District of New York.[3] *See Daniel*, 428 F.3d at 433.

Thus, even reading plaintiff's complaint generously, it simply does not set forth any facts to permit the Court to conclude that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in the Southern District of New York.

> **2.  Even if venue is proper pursuant to 28 U.S.C. § 1391(b)(1), the Court finds that the litigation should be transferred to the Northern District of New York pursuant to 28 U.S.C. § 1404(a)**

> *a.  Venue pursuant to 28 U.S.C. § 1391(b)(1)*

Plaintiff's complaint may support venue in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1), which provides for venue in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."

It is undisputed that all defendants reside in the state of New York and that the individual defendants—Selden and Young—reside in the Northern District of New York. (Compl. ¶¶ 19, 27, 34, 49; Selden Aff. ¶ 9; Pl.'s Mem. of Law in Opp'n to Defs.' Motion to Dismiss or, in the Alternative, to Stay the Action ("Pl.'s Mem.") at 13.)  But the parties have not addressed where the corporate defendants—Mexican Radio Hudson, LLC and Mexican Radio Corp.—reside for purposes of sections 1391(b)(1)

---

[3] The Court notes that the executive office of Mexican Radio Corp. is in the Northern District of New York, where its individual shareholders reside, (*see* Compl. ¶ 20; Selden Aff. ¶ 9), and therefore the Court may reasonably infer that any decisions regarding payroll and timekeeping made by Mexican Radio Corp. were made in the Northern District of New York.

and 1391(d).[4] At present, the parties appear to dispute whether Mexican Radio Corp. is even a proper defendant, as defendants contend that plaintiff's claims fail to allege that Mexican Radio Corp. was plaintiff's employer pursuant to the single integrated enterprise doctrine.[5]

---

[4] It is reasonable to infer, based on the pleadings, that, at a minimum, Mexican Radio Corp. resides in the Southern District of New York and Mexican Radio Hudson, LLC resides in the Northern District of New York. *See* 28 U.S.C. § 1391(d) ("For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State . . . .").

[5] Plaintiff alleges that Mexican Radio Corp. is part of a single integrated enterprise which—together with Mexican Radio Hudson, LLC—jointly employs plaintiff and other similarly situated employees of both restaurants. (Compl. ¶¶ 3, 13.) The single integrated enterprise doctrine applies to situations in which "two nominally separate entities are actually part of a single integrated enterprise." *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005) (internal quotation marks omitted). According to this theory, often used in the NLRB and Title VII contexts, "an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger 'single-employer' entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer." *Id.* Courts consider four factors in determining the existence of a single integrated enterprise: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *See Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240-41 (2d Cir. 1995); *see also Perez v. Westchester Foreign Autos, Inc.*, No. 11-Cv-6091, 2013 WL 749497, at *7 (S.D.N.Y. Feb. 28, 2013). The Second Circuit has never endorsed this theory of liability in the FLSA context, and district courts in this Circuit are divided on its application to FLSA and NYLL cases. *Compare Lopez v. Acme Am. Envtl. Co.*, No. 12-Cv-511, 2012 WL 6062501, at *4 (S.D.N.Y. Dec. 6, 2012) (employing a different test—the economic reality test—to determine employer status and stating that the plaintiffs "cannot escape their obligation under the FLSA to allege a relationship of control" and that "[a]llegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees"), *with Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367-68 (S.D.N.Y. 2014) (applying the four factors to conclude that

Given these open questions, the Court will assume that venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because even if it is proper, the Court finds that the litigation should be transferred to the Northern District of New York pursuant to 28 U.S.C. § 1404(a).

b. *Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)*

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Courts have broad discretion to transfer cases based on "an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted); *see also In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992). The moving party must make "a clear and convincing showing" that the convenience of the parties and witnesses and the interest of justice favor defendants' choice of forum. *Solar v. Annetts*, 707 F. Supp. 2d 437, 441-42 (S.D.N.Y. 2010); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

"A prerequisite to transfer pursuant to section 1404(a) is a finding that there is another forum available where the action 'might have been brought.'" *Fireman's Fund Ins. Co. v. Pers. Commc'ns Devices, LLC*, No. 09-Cv-1349, 2009 WL 1973534, at *3 (S.D.N.Y. July 8, 2009) (quoting 28 U.S.C. § 1404(a)). Since a substantial part of Spiciarich's claims arose in the Northern District of New York, venue is indeed proper in that forum. *See* 28 U.S.C. § 1391(b)(2).

Next, the Court considers the following nine factors in determining whether the transfer would promote the convenience of the parties and witnesses and the interest of justice:

---

plaintiff stated an FLSA claim against a nominally distinct entity pursuant to the single integrated enterprise theory).

> (1) the locus of the operative facts; (2) the convenience of the witnesses; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the convenience of the parties; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances.

*Fireman's Fund*, 2009 WL 1973534, at *3; *see also 800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 133 (S.D.N.Y. 1994); *Schneider v. Sears*, 265 F. Supp. 257, 263 (S.D.N.Y. 1967). "There is no rigid formula for balancing these factors and no single one of them is determinative." *Fireman's Fund*, 2009 WL 1973534, at *3 (internal quotation marks omitted). The Court will consider each factor in turn.

### i. Locus of Operative Facts

"The locus of operative facts is a 'primary factor' in evaluating a motion to transfer pursuant to section 1404(a) because it helps the court identify a suit's 'center of gravity,' and thus, where it should properly proceed." *Fireman's Fund*, 2009 WL 1973534, at *3 (citation omitted).

The locus of Spiciarich's claims most certainly rests in the Northern District of New York, where the relevant conduct of the parties occurred. Spiciarich's hours and wages accrued in the Northern District of New York while he worked at Mexican Radio Hudson. (Compl. ¶¶ 8, 92-93.) Defendants Selden and Young, who are alleged to have had control over plaintiff's employment and payroll, also work in the Northern District of New York. (Compl. ¶¶ 20, 28, 40-41, 55-56; Selden Aff. ¶ 9.) Although there has yet to be discovery, the Court may reasonably infer that Mexican Radio Hudson's employment policies were established in the Northern District, given the location of the restaurant and Mexican Radio Hudson, LLC's executive office in Kinderhook in the Northern District. (Compl. ¶¶ 26-29.)

Spiciarich contends that the locus of operative facts rests in the Southern District because many similarly situated employees live in the Southern District and work(ed) at Mexican Radio Manhattan and the restaurants' employment policies were first implemented there. (July 9, 2015 Tr. at 9-10.)  It is true that "[o]nce the propriety of venue has been established . . . some courts have considered allegations pertaining to the class as a whole in determining whether to transfer venue pursuant to 28 U.S.C. § 1404(a)."  *Cook*, 2006 WL 760284, at *6 n.2; *but see Rindfleisch v. Gentiva Health Sys., Inc.*, 752 F. Supp. 2d 246, 259-60 (E.D.N.Y. 2010) (considering the operative facts of the named plaintiffs only in determining the locus of operative facts in a putative class and collective action); *Farrior v. George Weston Bakeries Distrib., Inc.*, No. 08-Cv-2705, 2009 WL 113774, at *7 (E.D.N.Y. Jan. 15, 2009) (same).

However, Spiciarich has not identified any putative collective members who intend to join the FLSA claims,[6] and no such member has submitted an affidavit in opposition to defendants' motion or filed a written consent to join this lawsuit.  While there may be similarly situated employees who worked at Mexican Radio Manhattan, the Court "declines to speculate on which, if any, additional employees might join this action." *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 6 n.3 (D.D.C. 2006).  It should also be noted that Mexican Radio Hudson, LLC currently employs more tipped employees than Mexican Radio Corp. (Selden Aff. ¶¶ 3, 6; July 9, 2015 Tr. at 5), and therefore the Court may reasonably assume that more potential members of the FLSA collective and NYLL class worked in the Northern District than the Southern District.[7]  Plaintiff posits that

_____

[6] Plaintiff has identified four employees who worked at both the Hudson and Manhattan locations, but he did not indicate that any one of them intends to join this lawsuit (Spiciarich Decl. ¶¶ 13, 15-16), and no one apart from Spiciarich has joined the litigation as a plaintiff.

[7] In addition, Mexican Radio Corp. and Mexican Radio Hudson, LLC share an executive office in Kinderhook. (Compl. ¶¶ 20, 28; July 9, 2015 Tr. at 2-3, 9.)

ultimately there will be more members of the collective from the Southern District because Mexican Radio Manhattan has been open longer. (July 9, 2015 Tr. at 5-6, 10.)  But Mexican Radio Hudson has been open since 2003 (Selden Aff. ¶ 6), and therefore, both restaurants were operating during the entirety of any potential statute of limitations period.  In all, this factor weighs in favor of transfer.

### ii.  Convenience of the Witnesses

In deciding a motion to transfer pursuant to section 1404(a), "the convenience of the witnesses is generally the most important factor in the transfer analysis." *Rindfleisch*, 752 F. Supp. 2d at 252.  Often parties submit an affidavit that "identif[ies] the witnesses to be called and the testimony those witnesses are likely to offer." *Fireman's Fund*, 2009 WL 1973534, at *4.  Neither plaintiff nor defendants has identified any specific witness in their motion papers or supporting affidavits.  At oral argument, defendants identified Selden, Young, and Spiciarich as potential witnesses as well as additional unnamed tipped employees and supervisors at Mexican Radio Hudson. (July 9, 2015 Tr. at 7-8.)  Plaintiff contends that four employees who worked at both locations may be potential witnesses, but did not indicate where these employees are currently located. (*See* Spiciarich Decl. ¶ 13; July 9, 2015 Tr. at 7.)

The witnesses to Spiciarich's claims—Spiciarich, Selden, and Young, as well as his co-workers and supervisors at Mexican Radio Hudson—are likely to be located in the Northern District of New York, and therefore the Northern District will be more convenient for those witnesses.  As no current plaintiff works at the Manhattan restaurant, the Court must

---

Assuming that employment policies are developed in the executive office further confirms that the locus of operative facts rests in the Northern District.  *See Earley v. BJ's Wholesale Club, Inc.*, No. 06-Cv-3529, 2007 WL 1624757 (S.D.N.Y. June 4, 2007) (transferring a putative FLSA collective action to the district of the defendants' headquarters where the plaintiffs alleged that the same employment policy was applied to employees nationwide).

speculate whether any non-party witnesses from Mexican Radio Manhattan and the Southern District of New York will be material to this litigation. Accordingly, the Court finds that this factor weighs in favor of transfer. *See Krulisky v. Bristol-Myers Squibb Co.*, No. 10-Cv-8700, 2011 WL 2555963, at *3 (S.D.N.Y. June 27, 2011) ("[W]hen party-employed witnesses are located outside a plaintiff's chosen forum, this is a factor that weighs in favor of transfer.").

          iii.   Location of the Relevant Documents and the Relative Ease of Access to Sources of Proof

"[A]bsent a showing of [a] significant burden, this third factor is generally 'entitled to little weight' in this 'era of photocopying, fax machines and Federal Express.'" *Fireman's Fund*, 2009 WL 1973534, at *5; *see also Rindfleisch*, 752 F. Supp. 2d at 258 ("[T]he Court does not view this factor as particularly significant given the technological age in which we live, where there is widespread use of, among other things, electronic document production.").

Defendants argue that this factor weighs in favor of transfer because the relevant "[s]chedules, documents, time sheets, and paycheck sign-out sheets are all located in the Northern District of New York." (Defs.' Mem. at 9; *see also* July 9, 2015 Tr. at 4.) Spiciarich counters that even if corporate documents are maintained in the Northern District, the majority of the documents are "electronically stored or readily reproducible" and therefore this factor is "largely 'irrelevant'" to defendants' motion. (Pl.'s Mem. at 12; *see also* Ex. A to Spiciarich Decl. (attaching computerized paystubs).) Considering that neither party has put forth any evidence regarding the storage and portability of the relevant documents, the Court finds that this factor weighs only slightly in favor of transfer, as the factual allegations support the conclusion that any documents material to plaintiff's claims are likely to be located in the Northern District where the restaurant and executive office are located. *See Onyeneho*, 466 F. Supp. 2d at 4.

### iv. Convenience of the Parties

"In considering the convenience of the parties, 'the logical and relevant starting point is a consideration of the residence of the parties.'" *Fireman's Fund*, 2009 WL 1973534, at *5. All of the named individual parties—Spiciarich, Selden, and Young—reside in the Northern District of New York. (Compl. ¶ 7; Selden Aff. ¶ 9.) Both corporate defendants—Mexican Radio Hudson, LLC and Mexican Radio Corp.—have their executive office in the Northern District of New York, although Mexican Radio Corp. also operates a restaurant in the Southern District of New York. (Compl. ¶¶ 18-21, 26-29.)

Since all of the parties are located in the Northern District, transfer will result in no additional inconvenience to plaintiff, "while at the same time making the forum substantially more convenient for defendants." *Rindfleisch*, 752 F. Supp. 2d at 258. This factor weighs strongly in favor of transfer.

### v. Availability of Process to Compel Attendance of Unwilling Witnesses

As set forth in Rule 45(c)(1) of the Federal Rules of Civil Procedure, a subpoena may command a person to attend trial:

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

Because neither party has identified any non-party witness who would refuse to appear at trial, and all restaurant employees would be employed within the state, this factor is neutral. *See, e.g.*, *Andrews v. A.C. Roman & Assocs., Inc.*, 914 F. Supp. 2d 230, 241 (N.D.N.Y. 2012); *Farrior*, 2009 WL 113774, at *7.

### vi. Relative Means of the Parties

"Where a disparity exists between the means of the parties, such as in the case of an individual suing a large corporation, the court may consider the relative means of the parties in determining where a case should proceed." *800-Flowers, Inc.*, 860 F. Supp. at 135. Nonetheless, the party "arguing against or for transfer because of inadequate means must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his finances." *Federman Assocs. v. Paradigm Med. Indus., Inc.*, No. 96-Cv-8545, 1997 WL 811539, at *4 (S.D.N.Y. Apr. 8, 1997).

Defendants contend that this factor weighs in favor of transfer because all of the parties reside in the Northern District and transfer would be more cost effective for everyone involved. Spiciarich counters that he is "ready, willing and able" to travel from his home in Hudson, New York to Manhattan (Spiciarich Decl. ¶ 20), and that it cannot be inconvenient for the individual defendants to travel to the Southern District because they manage the Manhattan restaurant (July 9, 2015 Tr. at 11). Ultimately, no party has provided evidence to show that it lacks the means to pursue the case in either forum, and therefore this factor is neutral. *See Andrews*, 914 F. Supp. 2d at 241; *Fireman's Fund*, 2009 WL 1973534, at *6.

### vii. Forum's Familiarity with the Governing Law

The forum's familiarity with the governing law factor is also neutral, as both the Southern and Northern Districts of New York are familiar with FLSA and NYLL litigations and could readily apply the substantive law in the context of this dispute. *See, e.g., Rindfleisch*, 752 F. Supp. 2d at 261.

### viii. Weight Accorded a Plaintiff's Choice of Forum

Spiciarich's strongest argument against transfer is that he chose to bring the lawsuit in the Southern District of New York. "It is well settled that the plaintiff's choice of forum is given great weight" and "will not be disturbed unless other factors weigh strongly in favor of transfer."

*Rindfleisch*, 752 F. Supp. 2d at 251 (internal quotation marks omitted).
However, the weight accorded the plaintiff's choice of forum is
diminished where "(1) the operative facts have little or no connection with
the forum chosen by the plaintiff, or (2) a plaintiff chooses a forum that is
not his residence." *Id.* (citations and internal quotation marks omitted).
Spiciarich's claims fall into both of these categories.

As explained above, the Southern District of New York "has a
substantially weaker connection to the operative facts of the litigation than
the proposed transferee forum does." *Fireman's Fund*, 2009 WL 1973534, at
*7 (internal quotation marks omitted). Moreover, plaintiff resides in the
proposed transferee forum and not in the Southern District of New York.
(Compl. ¶ 7.)

Spiciarich contends that he brought this litigation in the Southern
District because this district is where his attorneys are from and where
defendants opened their original restaurant, Mexican Radio Manhattan.
(Spiciarich Decl. ¶ 19.) But, as defendants point out, the location of
plaintiff's counsel has no bearing on a motion to transfer venue. *See
Southland Terrace Assocs. v. Mellon Bank, N.A.*, 874 F. Supp. 69, 71 (S.D.N.Y.
1995) ("[T]he convenience of plaintiff's litigation counsel . . . is not a
relevant factor on a motion [to transfer venue] under cases far too
numerous to require citation."). The fact that defendants opened their first
restaurant in Manhattan is also irrelevant insofar as there is a limited
connection between plaintiff's claims and that location, and both the
Manhattan restaurant and the Hudson restaurant were operating during
the period of time covered by the complaint.

Spiciarich also asserts that his choice of forum is entitled to substantial
deference because he brings claims on behalf of similarly situated
employees of Mexican Radio Manhattan. Plaintiff fails to realize that (1)
he has not identified any current or former tipped employee who intends
to join this action and "not a single plaintiff from this District has opted in
to this case" as of now, *Krulisky*, 2011 WL 2555963, at *3; (2) putative class

and collective members who work at the Manhattan restaurant may not live in the Southern District and therefore it is not evident that "a disproportionate share of the putative class members reside in [the named plaintiff's] chosen forum," *In re Warrick*, 70 F.3d 736, 741 n.7 (2d Cir. 1995); and (3) employees from Mexican Radio restaurants in Manhattan <u>and</u> Hudson may join the action, and where members of a proposed class or collective reside in different districts, plaintiff's forum selection is entitled to "'less significant consideration,'" *Krulisky*, 2011 WL 2555963, at *2 (quoting *In re Warrick*, 70 F.3d at 741 n.7).

In sum, this factor "weighs in favor of [p]laintiff, but with considerably less force than it would under other circumstances." *Earley*, 2007 WL 1624757, at *2.

### ix.   Trial Efficiency and the Interests of Justice

The trial efficiency and interests of justice factor is neutral.  The Court "is fully capable of adjudicating plaintiff's claims in a timely manner, and there is no indication that the situation in the Northern District [of New York] would be any different." *Rindfleisch*, 752 F. Supp. 2d at 262. Similarly, the Court does not find that the interests of justice weigh against transfer.  While it is true that the FLSA and NYLL are remedial statutes and that early notice to putative collective members is important because the statute of limitations in FLSA actions continues to run until potential plaintiffs file a written consent with the court, *see* 29 U.S.C. § 256(b), plaintiff has offered no evidence that the Northern District of New York would delay in resolving his claims.  Moreover, any potential plaintiff may file a written consent with the Court or file an individual lawsuit in the interim.[8]

---

[8] "[N]othing in the text of [29 U.S.C. § 216(b)] prevents plaintiffs from opting in to the action by filing consents with the district court, even when the [collective] notice . . . has not been sent, so long as such plaintiffs are 'similarly situated' to the named

After evaluating each of the nine relevant factors, the Court finds that most factors either weigh in favor of transfer or are neutral. The Court concludes that defendants have met their burden and that transfer of this litigation is warranted. *See Solar*, 707 F. Supp. 2d at 443. This Court's decision "is consistent with a number of other courts who have concluded in potential collective or class action FLSA cases that transfer to another district was appropriate where the *current* plaintiffs or operative facts had little connection to the transferor district." *Rindfleisch*, 752 F. Supp. 2d at 262 (emphasis added).

Since the Court is transferring this action, it declines to rule on the remainder of defendants' motion. *See Andrews*, 914 F. Supp. 2d at 233 ("Because the Court finds that transfer of this action . . . is warranted, the Court will address only the transfer motion so that the Court that will preside over the action can decide the [] related issues raised by Plaintiff's motions."); *Freeman v. Hoffman-La Roche Inc.*, No. 06-Cv-13497, 2007 WL 895282, at *4 n.5 (S.D.N.Y. Mar. 21, 2007) ("Having found that this action should be transferred, this Court need not resolve Defendants' motion to dismiss or strike portions of the Second Amended Complaint.").

individual plaintiff who brought the action." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010).

## IV. CONCLUSION

For the foregoing reasons, defendants' motion (Dkt. No. 9) is dismissed as moot to the extent that defendants seek to dismiss the complaint against Mexican Radio Hudson, LLC for insufficient service of process and granted to the extent defendants seek transfer to the Northern District of New York pursuant to 28 U.S.C. § 1404(a).

Dated: New York, New York
      July 10, 2015

Sidney H. Stein, U.S.D.J.