**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ANDREW SPICIARICH on behalf of himself**
**and all others similarly situated,**

                                      **Plaintiff,**

                  **v.**                              **1:15-CV-851**
                                                      **(FJS/DJS)**
**MEXICAN RADIO CORP.; MEXICAN**
**RADIO HUDSON, LLC; WILLIAM YOUNG;**
**and LORI SELDEN,**

                                      **Defendants.**
_____

**APPEARANCES**                        **OF COUNSEL**

**FITAPELLI & SCHAFFER, LLP**          **ARSENIO D. RODRIGUEZ, ESQ.**
28 Liberty Street
New York, New York 10005
Attorneys for Plaintiff

**SALAZAR AND ERIKSON LLP**            **DANA L. SALAZAR, ESQ.**
573 Columbia Turnpike, Building 2
East Greenbush, New York 12061
Attorneys for Defendants

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

       Pending before the Court is Defendants' motion to dismiss the complaint for failure to state a

claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, to stay

this action pending the outcome of a Department of Labor audit investigation of identical claims.

## II. BACKGROUND

Plaintiff originally commenced this action in the Southern District of New York, alleging seven causes of action, including federal claims for violations of the Fair Labor Standards Act's ("FLSA") minimum wage and overtime compensation provisions and state-law claims for various violations of New York Labor Law ("NYLL"), including failure to pay minimum wage, failure to pay overtime compensation, failure to provide spread-of-hours pay, failure to furnish proper wage notices, and failure to maintain proper time and pay records.[1]

On December 24, 2014, while this case was pending in the Southern District of New York, Defendants moved to dismiss the complaint or, in the alternative, to stay the action. *See* Dkt. No. 9. Defendants argued that the court should dismiss the complaint because the Southern District of New York was not the proper venue and, in the alternative, that the court should transfer the case to the Northern District of New York. *See* Dkt. No. 11. Finally, Defendants argued that Plaintiff had failed to state a claim upon which the court could grant relief; and, alternatively, that the court should stay the action pending the completion of a Department of Labor investigation. *See id.*

On July 10, 2015, the Southern District of New York (Stein, J.) granted Defendants' motion to transfer the action to the Northern District of New York pursuant to 28 U.S.C. § 1404(a) and dismissed, as moot, Defendants' motion to dismiss the complaint against Defendant Mexican Radio Hudson, LLC for insufficient service of process. *See* Dkt. No. 27.

---

[1] In his proposed amended complaint, Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure in order to bring the state-law claims on behalf of Plaintiff and a class of persons consisting of all Tipped Workers and similar employees at the Mexican Radio Restaurants in New York between November 12, 2008, and the date of the final judgment in this matter. *See* Dkt. No. 21-1. Finally, Plaintiff seeks to bring his FLSA claims as a collective action under 28 U.S.C. § 216(b) on behalf of Plaintiff and all others similarly situated. *See id.*

Upon the transfer of the case to this District, Defendants renoticed their motion to dismiss for failure to state a claim or, alternatively, to stay this action. *See* Dkt. Nos. 31, 9-11, 23. Plaintiff opposed the motion and, in addition, requested that the Court permit him to amend his complaint if the Court found that he had not sufficiently pled any of the claims in his original complaint. *See* Dkt. Nos. 20-22.

## III. DISCUSSION

### A.    Plaintiff's request to amend his complaint

In opposition to Defendants' motion to dismiss, Plaintiff filed a proposed amended complaint. *See* Dkt. No. 21-1. The Supreme Court has noted that Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires[.]'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quotation and other citation omitted). Furthermore, the Court stated that,

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Id.*

Defendants have not raised specific objections to Plaintiff's request to amend his complaint. Furthermore, it does not appear that there exists any "apparent or declared reason" that the Court should not grant Plaintiff leave to amend his complaint. Accordingly, the Court grants Plaintiff leave to amend his complaint and will evaluate Defendants' motion to dismiss with reference to Plaintiff's proposed amended complaint.

**B.**     **Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure**

*1. Standard of review*

"A well-pled complaint 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))) (other citation omitted).  "To be plausible, the complaint need not show a probability of plaintiff's success, but it must evidence more than a mere possibility of a right to relief." *Id.* (citing *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937; *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).  Furthermore, "[i]n evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court accepts the truth of the facts alleged in the complaint and draws all reasonable inferences in the plaintiff's favor." *Rana v. Islam*, No. 14-Cv-1993, 2015 WL 81977, *3 (S.D.N.Y. Jan. 6, 2015) (citing *Wilson v. Merrill Lynch & Co., Inc.*, 671 F.3d 120, 128 (2d Cir. 2011)).

In his proposed amended complaint, Plaintiff asserts seven causes of action.  Two of these are federal claims, alleging violations of the FLSA, and five of them are state-law claims, alleging violations of New York Labor Law.  In his first cause of action, Plaintiff alleges that Defendants violated the FLSA's minimum wage provision by failing to pay him the statutory minimum wage. *See* Dkt. No. 21-1 at ¶¶ 113-125.  In his second cause of action, Plaintiff asserts that Defendants violated the FLSA's overtime wage provision by failing to pay him proper overtime wages for the overtime hours he worked.  *See id.* at ¶¶ 126-131.  In his third cause of action, Plaintiff claims that Defendants violated the NYLL's minimum wage provision by failing to pay him the statutory

minimum wage.  *See id.* at ¶¶ 132-143.  In his fourth cause of action, Plaintiff alleges that Defendants violated the NYLL's overtime wage provision by failing to pay him the proper overtime wages for the overtime hours he worked.  *See id.* at ¶¶ 144-149.  In his fifth cause of action, Plaintiff asserts that Defendants violated the NYLL's spread-of-hours requirement by failing to pay him spread-of-hours pay for the days he worked more than ten hours.  *See id.* at ¶¶ 150-153.  Finally, in his sixth and seventh causes of action, Plaintiff claims that Defendants violated the NYLL's Wage Theft Protection Act by failing to furnish him with proper wage notices and wage statements, respectively.  *See id.* at ¶¶ 154-161.

The Court will address each of these causes of action in turn.

### 2. Minimum wage claims (First and Third Causes of Action)

#### a. FLSA minimum wage claim

Section 206(a) of Title 29 of the United States Code requires employers to pay their employees the prevailing minimum wage rate.  *See* 29 U.S.C. § 206(a).  Failure to do so is unlawful pursuant to 29 U.S.C. § 215(a)(2).  An exception to this minimum wage requirement exists for "tipped workers" under 29 U.S.C. § 203(m), which allows employers to pay tipped workers less than minimum wage and to "count the tips received to make up the difference between the hourly wage paid and the prevailing hourly minimum wage rate."  *Perez v. Lorraine Enters. Inc.*, 769 F.3d 23, 27 (1st Cir. 2014) (citing [29 U.S.C.] § 203(m); 29 C.F.R. § 531.59).  However, employers must meet certain conditions before taking this "tip credit" from the wages of tipped workers.  One of these conditions is that "the employer must inform the employee in advance that it intends to count a portion of the employee's tips toward the required minimum wage. . . . This notice provision is

strictly construed and normally requires that an employer take affirmative steps to inform affected employees of the employer's intent to claim the tip credit." *Id.* (citing *Kilgore v. Outback Steakhouse of Fla., Inc.*, 160 F.3d 294, 298 (6th Cir. 1998); *Reich v. Chez Robert, Inc.*, 28 F.3d 401, 404 (3d Cir. 1994); *Martin*, 969 F.2d at 1322) (internal citations omitted).

In this case, Plaintiff alleges that Defendants failed to give him the requisite notice to take a tip credit out of his wages. *See* Dkt. No. 21-1 at ¶¶ 99-102. Therefore, according to Plaintiff, the wages Defendants paid to him fell below the minimum wage requirement when divided up per hour. *See id.* at ¶¶ 94-95. Accepting Plaintiff's allegations as true, as the Court must do in evaluating a Rule 12(b)(6) motion, the Court finds that these allegations are sufficient to plead an FLSA minimum wage claim. Therefore, the Court denies Defendants' motion to dismiss Plaintiff's first cause of action.

### b. NYLL minimum wage claim

Like the FLSA, New York Labor Law § 652(1) requires employers to pay employees a statutory minimum wage. This wage, for the relevant timer period, was as follows:

> $8.00 on and after December 31, 2013
> $8.75 on and after December 31, 2014
> $9.00 on and after December 31, 2015, and until December 31, 2016,
> or, if greater, such other wage as may be established by federal law
> pursuant to 29 U.S.C. section 206 or its successors or such other wage
> as may be established in accordance with the provisions of this article.

N.Y. Lab. Law § 652(1).

The above rates are also set forth in identical fashion in 12 N.Y.C.R.R. § 146-1.2, a wage order for hospitality industry employees.

Plaintiff alleges, in the same manner as he did in his FLSA minimum wage claim, that the wages Defendants paid him fell below the minimum wage required under New York Labor Law. Although NYLL § 652(4) and 12 N.Y.C.R.R. § 146-1.3 clearly allow for food service workers receiving a certain amount of tips to be paid less than the minimum wage, the notice and recordkeeping requirements in NYLL § 195 provide, in pertinent part, that

> [e]very employer shall: 1.(a) provide his or her employees . . . a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . . .

N.Y. Lab. Law § 195.

These requirements are echoed in the hospitality industry wage order found at 12 N.Y.C.R.R. § 146-2.2.

Plaintiff alleges that Defendants failed to satisfy this recordkeeping requirement and that, therefore, they were not entitled to pay him less than the minimum wage. In a similar case involving allegedly inadequate records related to a minimum wage FLSA complaint, the court held that the plaintiff's estimates of the time he worked, in spite of the lack of clear cut records, were sufficient to state a minimum wage claim under the FLSA and NYLL. *See Fermin v. Las Delicias Peruanas Rest. Inc.*, 93 F. Supp. 3d 19, 23 (E.D.N.Y. 2015).

Based on the relevant case law and accepting Plaintiff's allegations as true, the Court finds that Plaintiff has sufficiently pled an NYLL minimum wage claim; and, therefore, the Court denies Defendants' motion to dismiss Plaintiff's third cause of action.

### 3. Overtime wage claims (Second and Fourth Causes of Action)

#### a. FLSA overtime wage claim

Section 207(a)(1) of Title 29 of the United States Code provides, in pertinent part, that

> no employer shall employ any of his employees who in any workweek
> is engaged in commerce or in the production of goods for commerce,
> or is employed in an enterprise engaged in commerce or in the
> production of goods for commerce, for a workweek longer than forty
> hours unless such employee receives compensation for his
> employment in excess of the hours above specified at a rate not less
> than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

In interpreting the FLSA's overtime provision, the court in *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013), stated that, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Id.* at 114 (citing 29 U.S.C. § 207(a)(1)).  The Second Circuit, in affirming the dismissal of the plaintiffs' FLSA overtime claims, explained that, because the plaintiffs had failed to allege "a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours," they had failed to allege facts that could support a plausible claim.  *Id.*

In *Lundy*, the plaintiffs generally alleged that they were uncompensated for overtime hours by way of working through meal breaks or beyond the end of a shift, yet their claims detailed the hours they worked.  These detailed hours, however, did not add up to more than forty hours in a single workweek even with working through the occasional thirty-minute meal break or working an extra fifteen minutes before or after a shit; thus, their claims failed.  *See id.*

Subsequently, in *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85 (2d Cir. 2013), the Second

Circuit elaborated on its *Lundy* holding, explaining that

> *Lundy*'s requirement that plaintiffs must allege overtime without
> compensation in a "given" workweek, 711 F.3d at 114, was not an
> invitation to provide an all purpose pleading template alleging
> overtime in "some or all workweeks."  It was designed to require
> plaintiffs to provide some factual context that will "nudge" their claim
> "from conceivable to plausible."  *Twombly*, 550 U.S. at 570, 127 S.
> Ct. 1955.  While this Court has not required plaintiffs to keep careful
> records and plead their hours with mathematical precision, we have
> recognized that it is employees' memory and experience that lead
> them to claim in federal court that they have been denied overtime in
> violation of the FLSA in the first place.  Our standard requires that
> plaintiffs draw on those resources in providing complaints with
> sufficiently developed factual allegations.

*Id.* at 90.

The Second Circuit also addressed the degree of specificity required to state an FLSA

overtime claim in *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir.

2013).  The court explained that, "[t]o plead a plausible FLSA overtime claim, Plaintiffs must

provide sufficient detail about the length and frequency of their unpaid work to support a reasonable

inference that they worked more than forty hours in a given week."  *Id.* at 201; *see also Davis v.*

*Abington Mem. Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014) (stating that "a plaintiff's claim that she

'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was

not compensated for extra hours beyond forty hours he or she worked during one or more of *those*

forty-hour weeks, would suffice" to state an FLSA overtime claim (footnote omitted)).

In this case, Plaintiff alleges that, although he was regularly scheduled to work six to seven

shifts per week, for seven hours per shift, the actual number of hours and shifts that he worked were

higher and on "many" occasions totaled more than 40 hours per week.  *See* Dkt. No. 21-1 at ¶¶ 96,

102.  Furthermore, Plaintiff asserts that Defendants failed to pay him the FLSA-required "time and a

half" rate for the overtime hours he worked.  *See id.* at ¶ 104.  Although there are not accurate

records of wages earned or hours worked, Plaintiff contends that "the precise number of shifts [he

worked] each workweek was generally recorded by Defendants and reported on Plaintiff's

paystubs."  *See id.* at ¶¶ 96, 102, 106.  In addition, Plaintiff specifies particular weeks in which he

claims he worked more than forty hours, and Defendants did not properly compensate him:

> As discussed above, Defendants suffered or permitted [Plaintiff] to
> work over 40 hours per week.  While [Plaintiff] cannot recall with
> specificity the exact hours he worked each week, he remembers many
> workweeks when he worked over 40 hours – including but not limited
> to during the pay periods of September 22 to September 28, 2014,
> September 29 to October 5, 2014, October 6 to October 12, 2014,
> October 13 to October 19, 2014, and October 27 to November 2, 2014
> – which may be inferred from the total shifts reported on his paystubs.

*See id.* at ¶ 102.

Finally, Plaintiff alleges that, during those particular weeks in which he worked more than

forty hours, Defendants did not properly compensate him for the overtime hours.  *See id.* at ¶ 104.

Despite the lack of specificity in recordkeeping, Plaintiff has alleged particular workweeks in which

he asserts that he worked forty hours plus additional overtime hours for which Defendants did not

properly compensate him with more specificity than the plaintiffs in *Lundy*, *Nakahata*, and *Dejesus*.

Therefore, the Court finds that Plaintiff has sufficiently pled a FLSA overtime claim and denies

Defendants' motion to dismiss Plaintiff's third cause of action.

### b. NYLL overtime claim

New York Labor Law requires that restaurant industry employees be paid overtime at time

and one-half the employee's regular rate for all hours worked in excess of forty hours per workweek.

*See* 12 N.Y.C.R.R. §§ 137-1.3, 146-1.4.  Since these requirements are identical to the FLSA

requirements, the Court likewise finds that Plaintiff has sufficiently pled an NYLL overtime claim

and denies Defendants' motion to dismiss Plaintiff's fourth cause of action.

### *4. Spread-of-hour claim under New York Labor Law (Fifth Cause of Action)*

12 N.Y.C.R.R. § 142-2.4 provides as follows: "An employee shall receive one hour's pay at

the minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in

which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations

occur." 12 N.Y.C.R.R. § 142-4.2.  This "spread-of-hours" requirement is "a species of overtime

payment required by New York state labor regulations, but not by federal law . . . . [I]n addition to

overtime at one and one half times the regular rate, an employer must pay an employee one extra

hour's worth of wages for every day the employee's workday extends beyond ten hours." *Akwesi v.

Uptown Lube & C/w, Inc.*, No. 07 Civ. 335, 2007 WL 4326732, *1 (S.D.N.Y. Dec. 3, 2007)

(internal citation and footnote omitted).

In addition, 12 N.Y.C.R.R. § 146-1.6, part of a wage order for the hospitality industry,

provides, in pertinent part, that

> [t]he spread of hours is the length of the interval between the
> beginning and end of an employee's workday.  The spread of hours for
> any day includes working time plus time off for meals plus intervals
> off duty.  Examples of a spread of hours greater than 10 are: 7 a.m. -
> 10 a.m., 7 p.m. - 10 p.m. = 6 hours worked but a 15 hour spread;
> 11:30 a.m. - 3 p.m., 4 p.m. - 10 p.m. = 9 ½ hours worked but a 10 ½
> hour spread.

> (a) On each day on which the spread of hours exceeds 10, an
> employee shall receive one additional hour of pay at the basic
> minimum hourly rate. . . .

12 N.Y.C.R.R. § 146-1.6.

In his proposed amended complaint, Plaintiff alleges that he regularly worked at least one

14-plus hour double shift a week and that he did not receive any additional compensation above his

standard shift pay during the specific pay periods of September 22 to September 28, 2014;

September 29 - October 5, 2014; October 6 to October 12, 2014; October 13 to October 19, 2014;

and October 27 to November 2, 2014.  *See* Dkt. No. 21-1 at ¶ 104.

Based on these allegations, the Court concludes that Plaintiff has stated a plausible claim for

relief based on an alleged violation of 12 N.Y.C.R.R. § 142-2.4 and denies Defendants' motion to

dismiss Plaintiff's fifth cause of action.[2]


### 5. Failure to provide proper wage notices and wage statements under New York Labor Law (Sixth and Seventh Causes of Action)

Section 195(1)(a) of New York Labor Law provides, in pertinent part, that every employer shall

> provide his or her employees, in writing in English and in the
> language identified by each employee as the primary language of such
> employee, at the time of hiring, a notice containing the following
> information: the rate or rates of pay and basis thereof, whether paid by
> the hour, shift, day, week, salary, piece, commission, or other;
> allowances, if any, claimed as part of the minimum wage, including
> tip, meal, or lodging allowances; the regular pay day designated by the
> employer in accordance with section one hundred ninety-one of this
> article; the name of the employer; any "doing business as" names used

---

[2] The Court also notes that, although Defendants generally argue that the Court should dismiss Plaintiff's NYLL claims, they do not specify any grounds for dismissal of his spread-of-hours claim.

> by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.  Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgment, in English and in the primary language of the employee, of receipt of this notice, which the employer shall preserve and maintain for six years. . . . For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay[.]

N.Y. Lab. Law § 195(1)(a).

Plaintiff alleges that Defendants failed to satisfy the requirements of § 195(1) by failing to provide the required wage notices at the time of hiring and "on or before February first of each subsequent year of the employee's employment with the employer[.]"  *See* Dkt. No. 21-1 at ¶ 155.

Furthermore, § 195(3) of New York Labor Law provides, in pertinent part, that every employer shall

> furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.  For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked. . . .

N.Y. Lab. Law § 195(3).

Plaintiff alleges that Defendants failed to satisfy the requirements of § 195(3) by failing to

-13-

provide the required wage statements with the requisite information.  *See* Dkt. No. 21-1 at ¶ 160.

Defendants have not come forward with any specific argument disputing Plaintiff's allegations

regarding their failure to provide the proper notices and statements.  Therefore, accepting as true

Plaintiff's allegations, the Court denies Defendants' motion to dismiss Plaintiff's sixth and seventh

causes of action.


**C.     Defendants' motion to stay this action pending the outcome of a Department of Labor audit investigation of identical claims**

In *Clinton v. Jones*, 520 U.S. 681 (1997), the Supreme Court reiterated the long-established

principle that "the District Court has broad discretion to stay proceedings as an incident to its power

to control its own docket."  *Id.* at 706 (citing *Landis v. North American Co.*, 299 U.S. 248, 254, 57

S. Ct. 163, 165-166, 81 L. Ed. 153 (1936)).  The party seeking a stay "bears the burden of

establishing its need."  *Id.* at 708 (citation omitted).

In deciding whether to grant a motion to stay, district courts should consider certain factors

such as the following:

> "(1) the private interests of the plaintiffs in proceeding expeditiously
> with the civil litigation as balanced against the prejudice to the
> plaintiffs if delayed; (2) the private interests of and burden on the
> defendants; (3) the interests of the courts; (4) the interests of persons
> not parties to the civil litigation; and (5) the public interest."

*Tradewinds Airlines, Inc. v. Soros*, No. 08 Civ. 5901, 2009 WL 435298, *3 (S.D.N.Y. Feb. 23,
2009) (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (quoting *Volmer
Distribs. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993))).

In *Tradewinds Airlines*, the court held that "'the basic goal [in balancing these factors] is to

avoid prejudice.'"  *Id.* (quotation omitted).  Furthermore, the court stated that, "'[i]f there is even a

-14-

fair possibility that the stay for which [the movant] prays will work damage to someone else' the movant 'must make out a clear case of hardship or inequity in being required to go forward.'" *Id.* (quoting *Katz v. Feinberg*, No. 99 Civ. 11705, 2001 WL 1132018, at \*2 (S.D.N.Y. Sept. 24, 2001) (quoting *Landis*, 299 U.S. at 244)).

In this case, if this Court were to grant a stay, Plaintiff might very well suffer hardship by being forced to wait until the completion of the Department of Labor audit investigation before he could litigate to recover damages for unpaid wages. Although this might be permissible if Defendants had made out a clear case of hardship or inequity that they would suffer if the Court were to deny a stay, Defendants have not done so. Instead, they have merely pointed to the Department of Labor audit investigation as an alternative to a private action and have not articulated a clear reason why denying a stay would harm them. Furthermore, a stay in this case would not necessarily promote judicial economy because the Department of Labor could not adjudicate Plaintiff's claims under New York law; and, thus, Plaintiff would have to litigate those claims regardless of the results of the Department of Labor's audit investigation. For all these reasons, the Court denies Defendants' motion to stay this action until the Department of Labor completes its audit investigation.

## IV. CONCLUSION

Have reviewed the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's request to amend his complaint, *see* Dkt. No. 21, is **GRANTED**. Therefore, the Court instructs Plaintiff to "file and serve the original signed amended [complaint]

within fourteen (14) days" of the date of this Memorandum Decision and Order, *see* L. R. 7.1(a)(4);[3]

and the Court further

ORDERS that Defendants' re-noticed motion to dismiss Plaintiff's amended complaint, *see*

Dkt. No. 31,[4] is **DENIED** in its entirety; and the Court further

ORDERS that this matter is referred to Magistrate Judge Stewart for all further pretrial

matters.

**IT IS SO ORDERED.**

Dated: March 30, 2017
       Syracuse, New York                        _____
                                                 Frederick J. Scullin, Jr.
                                                 Senior United States District Judge

---

[3] Pursuant to this District's Local Rules, "[t]he granting of [a] motion [to amend a pleading] does not constitute the filing of the amended pleading. After the Court grants leave, . . ., the moving party must file and serve the original signed amended pleading within fourteen (14) days of the Order granting the motion." L.R. 7.1(a)(4).

[4] Docket Number 31 renotices Defendants' motion to dismiss, which they originally filed in the Southern District of New York. *See* Dkt. No. 9.